UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEONARD CHOCHOLEK, an
individual,

        Plaintiff,

vs.                                 CASE NO.:

WESTERN FLORIDA LIGHTING,
INC., a Florida profit corporation, and
TIMOTHY GREENE, an individual,

        Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Leonard Chocholek ("Plaintiff"), by and through undersigned counsel, sues Defendants, Western Florida Lighting, Inc. ("WFLI") and Timothy Greene ("Greene") (collectively hereinafter, "Defendants"), and alleges as follows:

## INTRODUCTION

1. This is an action brought for violations under the Fair Labor Standard Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), and under Florida common law, to recover damages including, unpaid overtime compensation, liquidated damages, compensatory damages, and attorneys' fees and costs, owed to Plaintiff.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1331 as they arise under the FLSA, 29 U.S.C. § 201, *et seq.*, and 26 U.S.C. § 7434.

Page 1 of 11

This Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the events or omissions giving rise to the claims alleged herein occurred in Middle District of Florida, Fort Myers Division.

## PARTIES

4.  At all times pertinent, Plaintiff worked for Defendants in Lee County, Florida.

5.  Defendant WFLI was and is a Florida profit corporation doing business in several Florida counties, including Lee County, Florida and Pasco County, Florida.

6.  Defendant Greene was and is an individual who operated Defendant WFLI and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for employees; and (c) control finances and operations. By virtue of having regularly exercised that authority on behalf of WFLI and over Plaintiff, Defendant, Greene, is an employer as defined by 29 U.S.C. § 201 *et seq*.

7.  At all times material, Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(1); Defendants were the employer of Plaintiff within the meaning of 29 U.S.C. §§ 203(a) and (d); and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## FLSA COVERAGE

8. At all times material during the last three (3) years, Defendants were an employer as defined by U.S.C. § 203(d).

9. At all times material during the last three (3) years, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

10. At all times material, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 203(s)(1) of the FLSA, in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

11. Defendants are an enterprise engaged in interstate commerce, or in the production of goods for interstate commerce, with an annual gross volume of revenue not less than Five Hundred Thousand Dollars ($500,000.00).

## GENERAL ALLEGATIONS

12. On or about February 9, 2020, Plaintiff, who has 25+ years of experience as a lighting sales professional, e-mailed his resume to Defendants.

13. On or about May 28, 2020, Defendant Greene scheduled Plaintiff for an interview to take place on June 1, 2020.

14. On June 1, 2020, a virtual interview was conducted. During the interview, Plaintiff expressly stated and was clear he was not interested in accepting a quotations position, but rather was interested in obtaining a sales position. Plaintiff

sent a follow up e-mail that same day, thanking Defendant Green for taking the time to discuss the project manager/inside sales position with Defendant WFLI.

15. Following the interview, on June 3, 2020 Defendant Greene e-mailed Plaintiff that they were "very impressed with [Plaintiff] and [Plaintiff's] skill set" and "we are working on an offer to you." Defendants also requested an in person interview with Plaintiff to show him around the Tampa and Fort Myers areas.

16. On June 8th/9th, Plaintiff travelled to Tampa and Fort Myers. At this time, again, Plaintiff expressly advised Defendants that he had no interest in a quotations division position Defendants also had available. Plaintiff reiterated he was solely interested the project manager / inside sales position.

17. On June 10, 2020, Defendants sent Plaintiff an offer letter for an inside sales and project management position for the Fort Myers/Naples territory. *See* **Exhibit A** attached hereto and incorporated herein by reference.

18. Based on the offer for the inside sales and project management position made by Defendants, Plaintiff resigned from his then current job, listed his home, and moved from Indiana to Fort Myers, Florida for the inside sales and project management position he was offered by Defendants.

19. In or around the first week of August 2020, Plaintiff began working for Defendants.

20. Instead of the promised, offered, and agreed upon sales position, after some company training, Defendants started Plaintiff working in the quotations division doing quotes, exactly the job Plaintiff expressly stated to Defendant Greene

he was not interested in. Defendants had expressly offered Plaintiff the inside sales and project management position. Plaintiff did not agree to this change in position. Plaintiff would not have moved his family from Indiana to Fort Myers, Florida if he had known this was the position Defendants actually intended for him to work in.

21. Defendants compensated Plaintiff on a base salary of $90,000.00 per year for 40 hours of work per week.

22. Defendants misclassified Plaintiff as FLSA exempt.

23. For approximately the first four (4) weeks of work, Plaintiff began working for Defendants in Tampa, Florida as a trainee. During training, Defendants continued to represent to Plaintiff that he had accepted an inside sales and project management position. During training, Plaintiff was working for Defendants as a trainee in excess of 55 to 60 hours per week.

24. Thereafter, Plaintiff relocated for work to Fort Myers, Florida and regularly worked approximately 55-60 hours per week, or more, for Defendants at the beginning and then 45-52 hours per week, or more, near the end of his employment.

25. Defendants failed to compensate Plaintiff at a rate of time and one half his regular rate for all hours worked in a work week over forty (40) hours. Defendants did not provide any compensation for hours worked over forty (40) in a work week.

26. Indeed, on one occasion, when Plaintiff had to leave work at 3:30 pm to tend to a family emergency, Defendants docked Plaintiff's pay for 1.5 hours. Plaintiff

voiced concern over the impermissible partial-day deduction on the basis that he was supposed to be salaried, but Defendants refused to correct Plaintiff's pay.

27. On November 29, 2020, when it became abundantly clear that Defendants had misled Plaintiff about the job they had hired him for, Plaintiff resigned.

28. Around this same time, Plaintiff ended his lease in Fort Myers, Florida early and returned to Indiana.

29. Plaintiff has been required to retain counsel to prosecute the claims herein, and is obligated to pay counsel reasonable attorneys' fees and costs.

30. All conditions precedent to this action have been satisfied.

## COUNT I
### (Overtime Compensation Due Under the FLSA)

31. Plaintiff re-alleges paragraphs 1 through 30 as if set forth fully herein.

32. Throughout Plaintiff's employment, Defendants compensated Plaintiff on a base salary of $90,000.00 per year for 40 hours of work per week, although Defendants did make at least one impermissible deduction from Plaintiff's salary for a partial day absence. Despite claiming to pay Plaintiff on a salary basis, Plaintiff was not at any time exempt from the minimum wage and/or overtime provisions of the FLSA.

33. Plaintiff's primary job duties were supposed to consist of inside sales, however, Plaintiff's actual primary job duties consisted of preparing quotes following standard procedure and routine. Plaintiff did not have discretion over matters of

significance, and also did not supervise other employees, perform management functions, or provide significant input in the hiring or firing of other employees. Plaintiff's position did not primarily require invention, imagination, originality, or special talent. Plaintiff's primary job was not inside sales or outside sales. As such, for FLSA purposes, Plaintiff was not employed in a bona fide executive, professional, or administrative capacity. Plaintiff was also not doing inside sales work and did not receive commissions of at least half Plaintiff's total earnings for any period.  As such, Defendants misclassified Plaintiff as an exempt employee.

34. Plaintiff regularly worked approximately 55-60 hours per week, or more, for Defendants during his employment, although near the end his hours reduced to the 45-52 hours per week range.

35. Defendants failed to provide any compensation to Plaintiff for any hours worked over forty (40) hours in a workweek.

36. Although Plaintiff was a salaried employee, Defendants docked Plaintiff's pay for any time he was not in the office. For example, Plaintiff had an emergency where he had to take 1.5 hours off from work (he left at 3:30pm instead of 5:00pm). Defendants deducted Plaintiff's pay for the 1.5 hours. Partial day deductions of this nature from Plaintiff's salary are not permissible under the FLSA.

37. Plaintiff worked over forty (40) hours in one or more workweeks while employed by Defendants.

38. During his employment with Defendants, Plaintiff was not properly compensated at one and one-half (1 and 1/2) his regular rate for overtime hours

worked. In fact, Plaintiff received no compensation whatsoever for any hours worked over forty (40) in a week.

39. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts to be paid to Plaintiff are in the possession, custody, and control of Defendants.

40. Defendants' failure to provide Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times his regular rate for hours worked over forty (40) in a workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

41. Defendants' violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiff respectfully requests that this Court:

- a. accept jurisdiction over this action;
- b. award damages for the amount of unpaid overtime compensation owed to Plaintiff;
- c. award liquidated damages, pursuant to 29 U.S.C. § 215(b), in an amount equal to the overtime compensation owed to Plaintiff;
- d. award post-judgment interest and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);
- e. entry of final judgment against Defendants;
- f. declare that Plaintiff was a non-exempt employee of Defendants; and
- g. award all other relief as the Court deems just and proper.

## COUNT II
### (Negligent Misrepresentation)

42. Plaintiff hereby re-alleges paragraphs 1-6 and 12-30 as if the allegations had been fully restated herein.

43. Defendants interviewed Plaintiff about and discussed an inside sales and project management position for the Fort Myers/Naples Territory.

44. Defendants promised and offered Plaintiff an inside sales and project management position for the Fort Myers/Naples territory.

45. Defendants made this representation to Plaintiff.

46. Defendants knew or should have known that the above representation was false.

47. Defendants made the above representation to induce Plaintiff to relocate from Indiana to Fort Myers, Florida to accept employment with Defendants.

48. Unbeknownst to Plaintiff, and contrary to Defendants' representations to Plaintiff, Defendants actually: hired Plaintiff for a quotations position, which Plaintiff had no interest in and would not have accepted.

49. Plaintiff reasonably relied on Defendants' representations and based on same, signed a lease in Fort Myers, Florida to being August 19, 2020, and relocated to Fort Myers, Florida for work.

50. As a result of Defendants' negligent misrepresentations, Plaintiff sustained damages, including without limitation, lost past and future wages, benefits, emotional distress, and relocation and living expenses.

WHEREFORE, based on the foregoing, Plaintiff demands judgment against Defendants for damages, court costs, prejudgment interest, and any further relief the Court deems just and proper.

## COUNT III
### (Fraudulent Concealment)

51. Plaintiff hereby re-alleges paragraphs 1-6 and 12-30 as if the allegations had been fully restated herein.

52. During Defendants' interviewing and recruitment of Plaintiff, Defendant concealed, suppressed, or omitted material information not otherwise known or available to Plaintiff, including without limitation, that Defendants actually intended for Plaintiff to work in a quotations position.

53. Defendants were aware or should have been aware of the material information, however, intentionally failed to disclose the material information to Plaintiff.

54. This information could not reasonably have been known by Plaintiff. If Plaintiff had known the above information, he would not have accepted the position with Defendants.

55. Defendants intentionally suppressed or concealed this information with the intention that Plaintiff be misled as to the true conditions.

56. Plaintiff reasonably relied, to his detriment, on the information provided by Defendants.

57. Plaintiff has been damaged as a result of the above.

58. As a result of Defendants' fraudulent concealment, Plaintiff sustained damages, including without limitation, lost past and future wages, benefits, emotional distress, and relocation and living expenses.

WHEREFORE, based on the foregoing, Plaintiff demands judgment against Defendants for damages, court costs, prejudgment interest, and any further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff does hereby demand a Jury Trial on all issues and claims so triable.

      s/ Bradley P. Rothman
      Bradley P. Rothman, Esq.
      Florida Bar No. 0677345
      brothman@weldonrothman.com
      WELDON & ROTHMAN, PL
      2548 Northbrooke Plaza Drive
      Naples, Florida 34119
      Tel: (239) 262-2141
      Fax: (239) 262-2342
      *Counsel for Plaintiff*